UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

VANESSA ORELLANOS,

    Plaintiff,

vs.

TARGET CORPORATION,

    Defendant.
_____/

**NOTICE OF REMOVAL**

    The Defendant, Target Corporation, (hereinafter "TARGET"), by and through its undersigned counsel, hereby files this Notice of Removal in the above-styled cause to the United States District Court, Southern District of Florida, on the following grounds:

    1.    This cause was originally filed by the Plaintiff in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, as Case No. 2021-014285-CA-01.

    2.    This suit is a personal injury civil action in which the Plaintiff, VANESSA ORELLANOS, alleged that the Defendant is liable under a negligence theory for damages suffered by the Plaintiff.

    3.    28 U.S.C. §1332 confers original jurisdiction on the federal courts for all "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States."

    4.    The instant suit is one which the District Court of the United States has original jurisdiction since it involves a controversy exclusively between citizens of different

states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. With respect to the diversity of the parties, Plaintiff is a citizen of Florida and the Defendant is a citizen of Minnesota.

6. "With respect to the diversity jurisdiction of the federal courts, citizenship has the same meaning as domicile." *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954). "Residence alone is not the equivalent of citizenship, although the place of residence is prima facie the domicile; and citizenship is not necessarily lost by protected absence from home, where the intention to return remains." *Id*.

7. "Courts have acknowledged the usefulness of certain presumptions with respect to a person's domicile." *Audi Performance & Racing, LLC v. Kasberger*, 273 F. Supp. 2d 1220, 1226 (M.D. Ala. 2003) citing *Mitchell v. United States,* 88 U.S. (21 Wall.) 350, 352, 22 L.Ed. 584 (1874) (listing useful presumptions); *McDonald v. Equitable Life Ins. Co. of Iowa,* 13 F.Supp.2d 1279, 1281 (M.D.Ala.1998).

8. The first presumption is "that the state in which a person resides at any given time is also that person's domicile." *Audi* citing *McDonald,* 13 F.Supp.2d at 1281 (citing *District of Columbia v. Murphy,* 314 U.S. 441, 455, 62 S.Ct. 303, 86 L.Ed. 329 (1941), and *Stine v. Moore,* 213 F.2d 446, 448 (5th Cir.1954)). Second, "once an individual has established a domicile, he remains a citizen there until he satisfies the mental and physical requirements of domicile in a new state." *McDonald,* 13 F.Supp.2d at 1281 (citing *McDougald v. Jenson,* 786 F.2d 1465, 1483 (11th Cir.1986)).

9. "The objective facts bearing on an individual's 'entire course of conduct' determine domicile for diversity jurisdiction purposes." *Jones v. Law Firm of Hill &*

*Ponton*, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001) citing *Stine*, 213 F.2d at 448.

10.  "No single factor is conclusive; instead, the Court looks to the 'totality of evidence.'" *Id*.

11.  At all material times Plaintiff has been domiciled in the State of Florida. The "presumption" of Plaintiff's domicile is supported by sources confirming that Plaintiff resides in the State of Florida.

12.  Plaintiff's Complaint alleged that Plaintiff "*was and is a resident of, Miami-Dade County, Florida*." A copy of the Complaint is attached hereto as Exhibit A.

13.  Additionally, on the date of the Target Incident, Plaintiff VANESSA ORELLANOS completed a Guest Incident Report and disclosed a Miami, Florida, home address.

14.  "Citizenship is equivalent to 'domicile' for the purposes of diversity jurisdiction." *Jakobot v. Am. Airlines, Inc.*, No. 10-61576-CIV, 2011 WL 2457915, at *2 (S.D. Fla. June 20, 2011) citing *McCormick v. Aderholt,* 293 F.3d 1254, 1257 (11th Cir.2002)

15.  Therefore, Plaintiff is domiciled in the State of Florida and is, accordingly, a citizen of Florida. *Stine, Supra.*

16.  At the time that both the Complaint and the Notice of Removal were filed in this cause, and at all times material hereto, Target was, and is, a Minnesota corporation with its principal place of business located in Minneapolis, Minnesota.

17.  "For purposes of diversity jurisdiction, a corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business." *Werner v. Busch Entertainment Corp.*, 2006 WL 2644920, 1 (MD Fla. 2006) *citing*

*MacGinnitie v. Hobbs Group LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005).

18. The "nerve center" test is used to determine a corporation's principal place of business when the corporation's physical activities are dispersed across several states. The nerve center test determines a principal place of business by using the location of the corporation's corporate offices or headquarters. *See Hertz Corp. v. Friend,* 130 S. Ct. 1181 (2010). Under the nerve center test, Target's principal place of business is in Minnesota.

19. Target has filed the necessary documents with the Florida Secretary of State to establish that it is a corporation organized under the laws of Minnesota. A certified copy of Target's Certificate of Status issued by the Florida Department of State attesting that Target is a corporation organized under the laws of the State of Minnesota is attached hereto as Exhibit B.

20. The Florida Secretary of State's records, including those public records found online at the Secretary of State's website at www.sunbiz.org such as the 2021 Annual Report of Target Corporation, confirm that Target's principal place of business and principal address are in Minnesota. A copy of Target's 2021 Foreign Profit Corporation Annual Report found online at the Secretary of State's website are attached hereto as Exhibit C.

21. Target's Senior Corporate Counsel, Katherine Graf, has personal knowledge regarding Target's operations. Katherine Graf's Affidavit, attached hereto as Exhibit D, states *inter alia* that Target's corporate Headquarters and Executive Offices were and are located in Minneapolis, Minnesota. Katherine Graf further attests that Target's managerial and policymaking functions were and are performed from Target's

Headquarters in Minnesota. Additionally, Target's corporate books, records, and accounts were and are created and maintained at Target's Headquarters in Minnesota.

22. For purposes of determining jurisdiction under 28 U.S.C. §1332, a corporation is treated as a citizen of any state by which it has been incorporated and the state where it has its principal place of business. *See* 28 U.S.C. §1332(c)(1).

23. Accordingly, Target was and is a Minnesota corporation and is therefore a citizen of Minnesota for the purposes of 28 U.S.C. §1332.

24. Given that Plaintiff is a citizen of Florida and Target is a citizen of Minnesota, there is the requisite diversity of citizenship between the parties allowing the Court to take jurisdiction over this action pursuant to 28 U.S.C. §1332.

25. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest, costs and attorney's fees.

26. When it is not apparent from the face of the Complaint that the jurisdictional amount is met, the Court can consider "other papers" received by the defendant to determine if the case is removable. *See Jade East Towers Developers v. Nationwide Mutual Ins. Co.*, 936 F.Supp. 890 (N.D.Fla.1996).

27. Before suit was filed Target received from Plaintiff's counsel a Settlement Demand Letter dated December 17, 2020. The Settlement Demand Letter set forth a settlement demand of $500,000. A redacted[1] copy of the Settlement Demand Letter is

---

[1] Plaintiff produced extensive medical records and bills in support of her Pre-Suit Settlement Demand. Target redacted the Settlement Demand Letter materials and did not attach to this Notice the extensive medical records produced by the Plaintiff to protect the Plaintiff's privacy rights pursuant to Federal Rule of Civil Procedure 5.2, Section 6 of the CM/ECF Administrative Procedures for the Southern District of Florida, as well as those rules and regulations governed by the Health Insurance Portability and Accountability Act (HIPAA). Unredacted copies of these documents and a complete set of the medical bills and records produced by the Plaintiff are available for review by the Court upon request.

attached hereto as Exhibit E. The $500,000 demand establishes that the amount in controversy exceeds the jurisdictional threshold of $75,000.

28. Plaintiff's settlement demand of $500,000 is based on Plaintiff's assessment of the value of her damages and her medical professionals' advice. The Settlement Demand Letter included copies of her medical records and bills, which set forth her history of claimed medical treatment. As a result of this incident, Plaintiff is claiming injuries to her left wrist, right wrist, lumbar spine, right knee, and left knee.

29. Plaintiff also alleged in the Complaint that she suffered the following damages:

> As a direct, foreseeable and proximate result of Defendant's negligence, ORELLANO was seriously and permanently injured. She has suffered bodily injuries; physical impairment; handicap; aggravation and/or activation of a previously-existing condition; physical, mental and emotional pain and suffering; disability and/or disfigurement; inconvenience; loss or diminishment of her ability to enjoy life; past wages and her ability to earn in the future has been impaired.
>
> ORELLANOS has incurred medical treatment and related bills and expenses, and it is reasonably certain that she will need further medical treatment and incur additional related bills and expenses in the future.
>
> ORELLANOS' injuries are permanent and continuing in nature and she will continue to incur them in the future.

30. Further, the Civil Cover Sheet filed with Plaintiff's Complaint in State Court indicated that the "Amount of Claim" is estimated at "over $100,000.00". Attached as Exhibit F is the Civil Cover Sheet filed in State Court.

31. Target has established that the amount in controversy is above the $75,000 jurisdictional threshold. Plaintiff's settlement demand of $5000,000 establishes the amount in controversy. Alternatively, the amount in controversy is established by

Plaintiff's past medical expenses, future medical expenses, and additional categories of claimed damages as alleged in the Complaint. Plaintiff also claimed the amount in controversy exceeds $75,000 in the Civil Cover Sheet filed in State Court.

32. Plaintiff's pre-suit Settlement Demand provided the first "other papers" which allowed the Defendant to ascertain that the case was removable.

33. This Notice is timely filed. The removal of this cause is authorized by the provisions of 28 U.S.C. §1441(b). Taking into consideration the Settlement Demand received pre-suit, the case became removable on July 1, 2021, by Target's receipt of the Complaint, at which time it was first ascertained that the case is one which is, or has become, removable because the requisite amount in controversy was established. 28 U.S. C. § 1446(b); *See Field v. Nat'l Life Ins. Co.*, 2001 WL 77101 (M.D. Fla. 2001).

34. Accordingly, Target has established the requisite diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.

35. Written notice of the filing of the Notice of Removal, on this date, has been given to Plaintiff through her attorney. A copy of this Notice has, on this date, been filed with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

36. A copy of all process, pleadings, and papers served and filed in the aforementioned state court action, which are not attached as other Exhibits to this Notice of Removal, is attached to this Notice of Removal as Exhibit G.

WHEREFORE, the Defendant, TARGET CORPORATION, requests that this Court assume jurisdiction of this case and approve the Notice of Removal.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on July 28, 2021, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Southern District of Florida, by using the CM/ECF system and served by email to: Fischer ReDavid, PLLC, John P. Fischer, Esq., service@FRTrialLawyers.com; John@FRTrialLawyers.com; Abigail@FRTrialLawyers.com; Counsel for Plaintiff, 4601 Sheridan Street, Suite 320, Hollywood, FL 33021.

BOWMAN AND BROOKE, LLP
Attorneys for *Target Corporation*

*/s/ Shawn Libman*
Shawn Y. Libman Fla. Bar No. 10544
Two Alhambra Plaza, Suite 800
Miami, Florida 33134
Phone: 305/995-5600
Fax: 305/995-6100
Asst: Maria Esteva 305/995-6086
Shawn.Libman@bowmanandbrooke.com
Maria.Esteva@bowmanandbrooke.com