# EXHIBIT A

| | |
|---|---|
| VANESSA ORELLANOS, an individual, | IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA |
| Plaintiff, | |
| v. | GENERAL JURISDICTION DIVISION |
| TARGET CORPORATION, a Foreign Profit Corporation authorized to do business in the State of Florida, | CASE NO. |
| Defendant. _____/ | |

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

COMES NOW, the Plaintiff, VANESSA ORELLANOS, by and through undersigned counsel, and sues Defendant, TARGET CORPORATION, a foreign profit corporation authorized to do and doing business in the State of Florida, and pursuant to all applicable Florida Rules of Civil Procedure, and states the following:

## JURISDICTIONAL ALLEGATIONS

1. This is a cause of action for damages in excess of $30,000.00, exclusive of interest, fees and cost and is otherwise within the jurisdictional limits of this court.

2. Venue is proper in Miami-Dade County, Florida pursuant to Florida Statutes §47.011, in that the causes of action identified in this Complaint arose in Miami-Dade County, Florida.

3. At all times material hereto, Plaintiff, VANESSA ORELLANOS (hereinafter "ORELLANOS"), was and is a resident of Miami-Dade County, Florida and is *sui juris*.

4. At all times material hereto, Defendant, TARGET CORPORATION (hereinafter "TARGET" or "Defendant"), was and is a foreign profit corporation, authorized to do and doing business in the State of Florida. Specifically, operating the Target, located at 14075 Biscayne Blvd, North Miami Beach, Florida 33181.

5. That the tortious incident, which forms the basis for this Complaint, occurred on or about May 16, 2020, at the Target, located at 14075 Biscayne Blvd, North Miami Beach, Florida 33181.

## FACTS

6. On or about May 16, 2020, Plaintiff, ORELLANOS, was a business invitee at Defendant's TARGET, located at 14075 Biscayne Blvd, North Miami Beach, Florida 33181.

7. The Defendant, TARGET, failed to maintain safe and clean floors on their premises and allowed an accumulation of dirty water, and/or other slick, slippery substance, and/or some other transitory foreign substance to be on the floor of the aisle in the abovementioned establishment for an unreasonable amount of time, causing the Plaintiff to slip and fall, resulting in severe injuries to her person.

8. As a direct result, Plaintiff suffered injuries in the past that will continue in the future.

## COUNT I – NEGLIGENCE (PREMISES LIABILITY)

9. Plaintiff re-adopts and re-alleges paragraphs one (1) through eight (8) as if fully set forth herein verbatim, and further alleges as follows.

10. On or about May 16, 2020, Plaintiff was a business invitee at the premises of Defendant, TARGET, at the above stated location.

11. That it was the duty of the aforesaid Defendant to use ordinary care and diligence to design, build, keep and maintain said premises in a condition reasonably safe for its intended use and free from all defects and conditions which would render it dangerous and unsafe for Plaintiff, or present an unreasonable risk of harm to her in her lawful use of same.

12. That it was the duty of the aforesaid Defendant to exercise reasonable care to protect the Plaintiff, by inspection and other affirmative acts, from the danger of reasonably foreseeable injury occurring from reasonably foreseeable uses of a common area, an area of high traffic, such as the aisles, an area that the Defendant knew was going to be used by its invitees.

13. That it was the duty of the Defendant to exercise reasonable care to protect the Plaintiff, by inspection and other affirmative acts, from injuries resulting on the premises of the Defendant.

14. That it was the duty of the aforesaid Defendant to use reasonable care in the design, construction, and maintenance of the aforesaid area, in a manner consistent with and in conformity with recognized standards of construction, design and safety.

15. That it was the duty of the aforesaid Defendant to warn the Plaintiff about the dangerous and unsafe conditions existing on said premises.

16. That Defendant failed to maintain safe and clean floors in the aisles and allowed dirty and filthy water to accumulate, and/or some other slick, slippery substance, and/or some other transitory foreign substance to be on the floor for an unreasonable amount of time, causing the Plaintiff to slip and fall, resulting in severe injuries to his person.

17. That Defendant breached the abovementioned duties to Plaintiff.

18. At all times material hereto, Defendant had exclusive custody and control of the above-named aisle.

19. At all times material hereto, Defendant negligently failed to determine the hazards in the store, failed to eliminate the hazards, failed to modify the hazards and failed to properly warn Plaintiff of those hazards. All the above caused the Plaintiff to be injured.

20. Defendant had actual knowledge of the foregoing conditions causing Plaintiff's accident and did not correct them, and/or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care, should have learned of them and corrected them.

21. Furthermore, Defendant's employee, while acting within the scope of his employment, was transporting merchandise using a cart-like device, which is used solely by employees. On the said cart-like device there was a bottle leaking water and/or some other transitory substance on the floor of the aisle, thereby putting Defendant on actual notice of the foreign substance on the floor which caused Plaintiff to fall.

22. That Defendant's breach of the abovementioned duties was the actual and proximate cause of Plaintiff ORELLANOS' injuries.

23. As a direct, foreseeable and proximate result of Defendant's negligence, ORELLANO was seriously and permanently injured. She has suffered bodily injuries; physical impairment; handicap; aggravation and/or activation or a previously-existing condition; physical, mental and emotional pain and suffering; disability and/or disfigurement; inconvenience; loss or diminishment of her ability to enjoy life; past wages and her ability to earn in the future as been impaired.

24. ORELLANOS has incurred medical treatment and related bills and expenses, and it is reasonably certain that she will need further medical treatment and incur additional related bills and expenses in the future.

25. ORELLANOS's injuries are permanent and continuing in nature and she will continue to incur them in the future.

WHEREFORE, the Plaintiff demands judgment in excess of thirty thousand dollars ($30,000.00) for damages against the Defendant, TARGET CORPORATION plus, costs and interests on that portion of the claim constituting liquidated damages and further demands trial by jury.

## REQUEST FOR TRIAL BY JURY

The Plaintiff requests a trial by jury on all issues so triable.

DATED this 17th day of June, 2021.

    Respectfully Submitted,

    **FISCHER REDAVID, PLLC**
    *Attorneys for the Plaintiff*
    4601 Sheridan Street, Suite 320
    Hollywood, FL 33021
    Telephone: (954) 860-8434
    Facsimile: (954) 860-8534
    Service@FRTrialLawyers.com (Service Only)
    John@FRTrialLawyers.com (Primary)
    Abigail@FRTrialLawyers.com (Secondary)

    BY: */s/ John P. Fischer, Esq.*
        **JOHN P. FISCHER, ESQ**.
        Florida Bar No.: 99751